UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>  v.<br>MAJOR ALEXANDER SESSION, III,<br>  Defendant. | Case No. 17-cr-00089-PJH-1<br><br>**ORDER TO SHOW CAUSE** |

Before the court is the Supplemental Legal Argument in Support of Pro Se 2255 Petition, dkt. 43, filed by counsel under limited appointment for defendant/movant Major Alexander Session, III, which the court construes as an amended motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Upon preliminary review of the amended § 2255 motion, the court orders the government to show cause why relief should not be granted on the claims that Session's conviction is invalid under *Rehaif v. United States,* 139 S. Ct. 2191 (2019).

**BACKGROUND**

Session is currently serving a sentence imposed by this court. On February 16, 2017, a grand jury returned a single count indictment charging that Session, "having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess (1) a firearm, namely, one Glock Model 33, .357 caliber, semi-automatic pistol bearing serial number DVR234; and (2) approximately 20 rounds of .357 caliber ammunition, all in and affecting interstate and foreign commerce, all in violation of Title 18, United States Code, Section 922(g)(1)." Dkt. 1. This criminal case

was related to a Form 12 petition for arrest warrant for offender under supervision submitted in case number CR 15-290-PJH-6 by the United States Probation Office.

On June 28, 2017, Session entered a change of plea as to the sole count of violating § 922(g)(1) pursuant to a written plea agreement. On November 15, 2017, the court sentenced Session to a term of 87 months imprisonment and three years of supervised release, to run concurrent with the revocation sentence in case number CR 15-290-PJH-6. On August 1, 2019, Session filed a pro se motion seeking relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Shular v. United States*, 139 S. Ct. 2773 (2019). Dkt. 34. The court appointed counsel for the limited purpose of petitioning the Court for relief in light of *Rehaif,* where the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2), the government must prove both that the defendant knew that he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. The court provided Session notice and opportunity under *Castro v. United States*, 540 U.S. 375, 377, 383 (2003) and *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001), either to consent to have his initial pro per filing recharacterized as a motion pursuant to 28 U.S.C. § 2255, such that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, or to withdraw or amend the earlier filed pro per motion to file a single, all-inclusive § 2255 motion. Dkt. 37. As Session did not file a response to the *Castro* notice, the court further directed appointed counsel to communicate with Session about the *Castro* notice, and to file either a response to the *Castro* notice on defendant's behalf or a status report. Following counsel's filing of a status report, the court set a deadline for counsel to file an amended § 2255 motion, which was timely filed on March 10, 2020. The court proceeds with a preliminary review of the claims presented in the amended § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255.

**DISCUSSION**

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner filing a claim for federal habeas relief under 28 U.S.C. § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

Session asserts the following grounds for relief pursuant to § 2255:

(1) that the indictment charging Session with being a felon in possession in violation of 18 U.S.C. § 922(g)(1) did not allege the element that Session knew that he had been convicted of a prior felony, as required by *Rehaif*, and that the defect in the indictment is a structural error and deprives the court of subject matter jurisdiction;

(2) that Session's guilty plea was not knowing and voluntary because he was not questioned about his knowledge of his status as a felon as an element of the § 922(g)(1) offense under *Rehaif.*

Dkt. 43. The first claim sufficiently alleges a violation of the Fifth Amendment right to "be convicted only on charges considered and found by a grand jury," *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999) (citing *Costello v. United States,* 350 U.S. 359, 362 (1956)), but to the extent that Session asserts that the failure of the indictment to allege the knowledge element is a structural error, the Supreme Court has not recognized that such a defect in an indictment amounts to structural error or deprives the court of jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630–31 (2002) ("defects in an indictment do not deprive a court of its power to adjudicate a case") (overruling *Ex parte Bain*, 121 U.S. 1 (1887), insofar as it held that a defective indictment deprives a court of

1  jurisdiction); *United States v. Salazar-Lopez*, 506 F.3d 748, 752 (9th Cir. 2007) (noting
2  that in *Cotton*, the Supreme Court did not decide whether failure under *Apprendi* to allege
3  drug quantity leading to enhanced penalties in the indictment is a structural error) (citing
4  *Cotton*, 535 U.S. at 632–33), *cert. denied*, 553 U.S. 1074 (2008).

5        Session relies on the Ninth Circuit's ruling in *Du Bo* to argue that the omission of
6  an allegation that Session knew that he had been previously convicted of a felony
7  renders the indictment fatally defective and his § 922(g)(1) conviction invalid.  In *Du Bo*,
8  the court held, "If properly challenged prior to trial, an indictment's complete failure to
9  recite an essential element of the charged offense is not a minor or technical flaw subject
10 to harmless error analysis, but a fatal flaw requiring dismissal of the indictment." *Du Bo*,
11 186 F.3d at 1179.  However, in *Salazar-Lopez*, the Ninth Circuit limited the ruling of *Du
12 Bo* to apply structural error analysis only to timely challenges to defects in the indictment
13 so as to encourage timely objections to indictment deficiencies.  *Salazar-Lopez*, 506 F.3d
14 at 753–54.  The court in *Salazar-Lopez* reasoned that applying structural error to defects
15 in an indictment raised after trial would create a disincentive to make a timely objection
16 when the defect could be corrected to present the necessary allegations: "To allow an
17 omission in the indictment, raised only after the completion of the trial, to result in an
18 automatic cap on the defendant's sentence would encourage defendants to remain silent
19 at the time when an indictment could reasonably be amended—the exact opposite of the
20 result *Du Bo* hoped to achieve." *Salazar-Lopez*, 506 F.3d at 755.  The Ninth Circuit also
21 noted that to the extent *Du Bo* was premised on indictment errors being jurisdictional, *see
22 Du Bo*, 186 F.3d at 1180, that rationale has been overruled by the Supreme Court in
23 *Cotton*, 535 U.S. at 629–31.  *Salazar-Lopez*, 506 F.3d at 754 n.5.

24       Here, unlike *Du Bo*, Session did not timely assert a challenge to the indictment for
25 omission of an element of the offense, and the *Rehaif* claim is not subject to structural
26 error analysis under *Du Bo*'s limited holding.  Accordingly, the first claim for relief is
27 subject to harmless error analysis under *Brecht v. Abrahamson*, 507 U.S. 619, 637–38
28 (1993).  *See Gautt v. Lewis*, 489 F.3d 993, 1015 (9th Cir. 2007) (recognizing that the

4

Supreme Court has identified only a "short, purposely limited roster of structural errors" and applying harmless error review to § 2254 habeas claim that a state prisoner was denied fair notice of the charges against him where his sentence was enhanced under a different statute than the sentencing enhancement statute charged in the information).

The second claim asserted in the amended petition, that the court's failure to question Session during his plea colloquy about his knowledge of his status as a felon as an element of the offense under *Rehaif* resulted in an involuntary plea, sufficiently states a due process claim under *Bousley v. United States*, 523 U.S. 614, 618–19 (1998). As set forth above, the first and second *Rehaif* claims both appear colorable under 28 U.S.C. § 2255 and merit an answer from the government.

In the initial pro se filing, Session presented other arguments unrelated to his *Rehaif* claims that were not raised in the amended § 2255 petition: that only federal convictions with at least a 10 year sentence qualify as a prior felony convictions under § 922(g)(1), that he was not given fair warning at the time of his prior convictions that possession of a firearm could result in a federal custodial sentence, that he was not advised that the government was required to prove that he knowingly possessed a specified firearm or knew that the firearm had traveled in interstate commerce, that there was no compelling federal interest in regulating the firearm possessed by Session, that the district court lacked jurisdiction because he was arrested by local police and not by federal law enforcement, and that counsel was ineffective by failing to raise these issues. To the extent that Session sought to preserve those arguments, they are dismissed for failure to state a cognizable claim for relief under § 2255 in light of the district court record. *See* Rule 4(b), Rules Governing Section 2255 Proceedings (a district court must summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief").

## CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1.   The government shall file, within 35 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside or correct the sentence" on the *Rehaif* claims asserted in the amended § 2255 motion.

2.   Counsel for Session may file a reply within 28 days of the date the answer is filed.

3.   The remaining grounds for relief asserted in the pro se filing are DISMISSED for failure to state a claim.

**IT IS SO ORDERED.**

Dated: July 24, 2020

      /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge