1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,
                                              Case No.  17-cr-00089-PJH-1
8                    Plaintiff,

9           v.                                **ORDER DENYING § 2255 MOTION
                                              AND DENYING CERTIFICATE OF
10   MAJOR ALEXANDER SESSION, III,            APPEALABILITY**

11                   Defendant.

12

13

14          Before the court is the represented motion by Major Alexander Session, III, to

15   vacate, set aside or correct sentence under 28 U.S.C. § 2255.  Dkt. 34, 43.  The court

16   determines that the matter is suitable for decision without oral argument and deems the

17   matter fully submitted on the papers.  Having carefully considered the relevant legal

18   authority, the parties' papers, and the record, the court DENIES Session's § 2255 motion

19   for the reasons set forth below.

20                                **BACKGROUND**

21          Session is currently serving a sentence imposed by this court.  On February 16,

22   2017, a grand jury returned a single count indictment charging that Session, "having

23   been previously convicted of a crime punishable by a term of imprisonment exceeding

24   one year, did knowingly possess (1) a firearm, namely, one Glock Model 33, .357 caliber,

25   semi-automatic pistol bearing serial number DVR234; and (2) approximately 20 rounds of

26   .357 caliber ammunition, all in and affecting interstate and foreign commerce, all in

27   violation of Title 18, United States Code, Section 922(g)(1)."  Dkt. 1.

28

1    This criminal case was related to a Form 12 petition for arrest warrant for offender

2    under supervision submitted in case number CR 15-290-PJH-6 by the United States

3    Probation Office.  In CR 15-290, Session was indicted on an alleged conspiracy to violate

4    airport security requirements and to distribute marijuana.  On January 27, 2016, Session

5    pleaded guilty pursuant to a plea agreement to Count Seven for Possession with Intent to

6    Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1) and Count Eight for Entering an

7    Airport Area in Violation of Security Requirements in violation of 49 U.S.C. § 46314(a).

8    On May 11, 2016, the court sentenced Session in CR 15-290 to a term of imprisonment

9    of 18 months on each count, to run concurrently, a term of supervised release of three

10   years on each count, to be served concurrently, and a special assessment of $200.

11   Session was released from custody and commenced his term of supervised release on

12   September 2, 2016.

13   On December 31, 2016, Session was arrested by local police for Felon/Addict

14   Possess/Own/Etc. Firearm; Prohibited Possession of Ammunition or Reload Ammunition;

15   Carry Concealed Weapon in Vehicle, Carry Loaded Handgun: Not Registered Owner;

16   Mfg/Sell/Possess/Etc. Large Capacity Magazine, Possess/Purchase Cocaine Base for

17   Sale; Possess Marijuana/Hashish for Sale; and Possess Controlled Substance While

18   Armed with Loaded Firearm.  Dkt. 19 ("PSR").  Based on allegations that Session

19   violated conditions of his supervised release in CR 15-290, the Probation Office

20   submitted a Form 12 petition for issuance of a no bail arrest warrant, which the court

21   issued on January 4, 2017.  In the instant case, Session was indicted on February 16,

22   2017, on the sole count of being a felon in possession of a firearm and ammunition in

23   violation of § 922(g)(1).  On June 28, 2017, Session entered a change of plea as to the

24   sole count of violating § 922(g)(1) pursuant to a written plea agreement.  On November

25   15, 2017, the court sentenced Session to a term of 87 months imprisonment and three

26   years of supervised release, to run concurrent with the revocation sentence in case

27   number CR 15-290.

28

United States District Court
Northern District of California

On August 1, 2019, Session filed a pro se motion seeking relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), *United States v. Davis*, 139 U.S. 2319 (2019), and *Shular v. United States*, 139 S. Ct. 2773 (2019).  The court appointed counsel for the limited purpose of petitioning the Court for relief in light of *Rehaif*.  The court provided Session notice and opportunity under *Castro v. United States*, 540 U.S. 375, 377, 383 (2003) and *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001), either to consent to have his initial pro per filing recharacterized as a motion pursuant to 28 U.S.C. § 2255, such that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, or to withdraw or amend the earlier filed pro per motion to file a single, all-inclusive § 2255 motion.  Dkt. 37.  As Session did not file a response to the *Castro* notice, the court further directed appointed counsel to communicate with Session about the *Castro* notice, and to file either a response to the *Castro* notice on defendant's behalf or a status report.  Following counsel's filing of a status report, the court set a deadline for counsel to file an amended § 2255 motion, which was timely filed on March 10, 2020.   The court issued an order to show cause on the *Rehaif* claims and dismissed the remaining pro per claims for failure to state a cognizable claim for relief pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  Dkt. 44.  After the court granted a stipulated request for continuance of the filing deadlines, the government timely filed an opposition to the § 2255 motion ("Opp."), and appointed counsel filed a reply ("Reply").  The matter is submitted on the briefs.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A prisoner filing a claim for federal habeas relief under 28 U.S.C. § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that

1    the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *United States v. Leonti*, 326

2    F.3d 1111, 1116 (9th Cir. 2003).

3                                              **DISCUSSION**

4            In *Rehaif,* the Supreme Court held that a defendant may be convicted under

5    § 922(g) only if the government proves that the defendant "knew he belonged to the

6    relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

7    Session raises two claims under *Rehaif*: (1) that Session's guilty plea was involuntary

8    because he was not questioned about his knowledge of his status as a felon as an

9    element of the § 922(g)(1) offense*,* and (2) that the indictment charging Session with

10   being a felon in possession in violation of 18 U.S.C. § 922(g)(1) did not allege the

11   element that Session knew that he had been convicted of a prior felony conviction, as

12   required by *Rehaif*.

13          Session asserts that *Rehaif* announced a new substantive rule of criminal law that

14   applies retroactively on collateral review of criminal judgments.  Mot. at 8 (citing *Welch v.*

15   *United States*, 136 S. Ct. 1257, 1266 (2016)).  As the government does not dispute

16   whether the rule announced in *Rehaif* is substantive rather than procedural, the court

17   assumes without deciding that *Rehaif* applies retroactively to Session's § 2255 claims.

18   *See United States v. Montalvo*, 331 F.3d 1052, 1055–56 (9th Cir. 2003) (retroactively

19   applying Supreme Court decision that announced a new substantive rule of criminal law

20   that "decides the meaning of a criminal statute enacted by Congress") (quoting *Bousley*

21   *v. United States*, 523 U.S. 614, 620 (1998)).

22          The government challenges the § 2255 motion as untimely because Session's

23   conviction became final on December 5, 2017, and Session filed his pro se § 2255

24   motion more than a year later on August 1, 2019.  Because Session filed his motion

25   within one year of the issuance of *Rehaif,* which was decided June 21, 2019, the § 2255

26   claims are timely filed.  *See* 28 U.S.C. § 2255(f)(3).

27

28

                                                      4

United States District Court
Northern District of California

1

### I.      Standard of Review

2      As the court articulated in the Order to Show Cause, Session's *Rehaif* claims are

3   subject to § 2255 review for harmless error under the standard set forth in *Brecht v.*

4   *Abrahamson*, 507 U.S. 619, 637–38 (1993), and not the structural error standard

5   proposed by Session.  *See United States v. Montalvo*, 331 F.3d 1052, 1056–57 (9th Cir.

6   2003) ("The 'general rule' is that constitutional errors do not require reversal of a

7   conviction, but are susceptible to harmless error review.").  Under *Brecht*, 507 U.S. at

8   638, the court determines "In light of the record as a whole" whether the constitutional

9   error "had substantial and injurious effect or influence" on the defendant.  *See Montalvo*,

10   331 F.3d at 1058 (holding that "*Brecht*'s harmless error standard applies to habeas cases

11   under section 2255, just as it does to those under section 2254"); *Buckley v. Terhune*,

12   441 F.3d 688, 698 (9th Cir. 2006) (holding that state court's error in interpreting plea

13   agreement had a "substantial and injurious effect" on the petitioner because he was given

14   a different sentence than he bargained for).  As Session challenges his conviction on

15   collateral review rather than on direct review, the plain error standard proposed by the

16   government is not applicable to these § 2255 claims.  *Cf. United States v. Johnson*, ---

17   F.3d. ---, 2020 WL 6268027, at *3 (9th Cir.), *as amended* (9th Cir. Oct. 26, 2020)

18   (applying plain error standard on appeal, following remand in light of *Rehaif,* to challenge

19   not raised before the district court that the wrong legal standard was applied to 18 U.S.C.

20   § 922(g)(1) charges at stipulated-facts bench trial).

21   ### II.      Procedural Default

22      As a threshold matter, the government asserts that Session's *Rehaif* claims are

23   procedurally defaulted because he failed to raise them on direct appeal.  Opp. at 5–6.

24   *See United States v. Frady,* 456 U.S. 152, 167-168 (1982) (holding that procedural

25   default rules developed in the habeas corpus context apply in § 2255 cases); *United*

26   *States v. Braswell*, 501 F.3d 1147, 1150 n.1 (9th Cir. 2007) (noting that "most claims are

27   procedurally defaulted by both federal and state prisoners in habeas proceedings when

28   not raised on direct appeal, absent a showing of cause and prejudice or actual

United States District Court
Northern District of California

1    innocence").  Because the court determines, below, that the *Rehaif* error did not have a

2    "substantial and injurious effect or influence" on the outcome of this case, the court

3    declines to resolve the issue whether Session can establish cause and prejudice to

4    overcome procedural default.  *United States v. Yong*, 926 F.3d 582, 590 (9th Cir. 2019)

5    (declining to conduct cause and prejudice analysis where the claims presented in the

6    § 2255 motion were "clearly not meritorious despite [the] asserted procedural bar")

7    (quoting *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002)).

8    III.    ***Rehaif* Claims**

9          A.      **Plea Colloquy Omitted Element of the Offense**

10          Session asserts that the court failed to question him during his plea colloquy about

11    his knowledge of his status as a felon as an element of the offense under *Rehaif,* and

12    that the omission of this element of the § 922(g) offense resulted in an involuntary plea in

13    violation of due process under *Bousley v. United States*, 523 U.S. 614, 618–19 (1998).

14    The government concedes that the court's failure to inquire into Session's knowledge of

15    his prohibited status as a felon or to confirm a factual basis for that element of the offense

16    amounted to clear error under Rule 11, which requires the court to inform the defendant

17    of, and determine that the defendant understands, "the nature of each charge to which

18    the defendant is pleading."  Fed. R. Crim. P. 11(b)(1)(G).  Opp. at 8.

19          Because Session's claim that the Rule 11 error under *Rehaif* violated due process

20    is subject to harmless error analysis, the court considers the parties' arguments as they

21    weigh on the question whether the omission of Session's knowledge of his status as a

22    felon from the plea colloquy resulted in "actual prejudice."  *Brecht*, 507 U.S. at 637 (on

23    habeas review, petitioners "are not entitled to habeas relief based on trial error unless

24    they can establish that it resulted in 'actual prejudice'").  Rather than addressing the

25    applicable harmless error standard, the government proceeds under a plain error

26    standard of review, which requires the defendant to show that (1) there was an error,

27    (2) the error is clear or obvious, (3) the error affected his substantial rights, and (4) the

28    error seriously affected the fairness, integrity, or public reputation of judicial proceedings.

United States District Court
Northern District of California

*Johnson*, 2020 WL 6268027 at *3 (citing *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019), *cert. denied*, 140 S.Ct. 818 (2020)).  Though plain error review is not applicable here, the government's arguments that Session cannot establish "a reasonable probability that, but for the error, the outcome of the proceeding would have been different" are persuasive on the question whether the *Rehaif* error was harmless.

The government cites evidence in the record before this court, both in this case and in case number CR 15-290, that shows that Session was aware that he was a convicted felon.  Not only did he plead guilty and enter a written plea agreement in CR 15-290 admitting to possession with intent to distribute marijuana, which the court advised him was subject to a maximum prison term of five years, and violating airport security, with a maximum 10-year prison term, but the court advised Session at the sentencing on those convictions that as a convicted felon, "you may not lawfully possess a firearm at any time for the rest of your life," which he acknowledged.  Opp., Ex. A (CR 15-290 plea transcript) at 5–6; Ex. B (CR 15-290 sentencing transcript) at 37.  Session was sentenced to a prison term of 18 months concurrent on both counts.  Further, at the time that Session committed the § 922(g) offense, he was serving his term of supervised release for those federal felony convictions.

This uncontroverted evidence that Session was sentenced to a term of imprisonment of more than a year is sufficient to show that the Rule 11 error under *Rehaif* did not result in actual prejudice.  In *Johnson*, the Ninth Circuit held that, on a *Rehaif* claim asserting that the court failed to require the government to prove that the defendant knew of his status as a convicted felon, "uncontroverted evidence that a defendant was sentenced to more than a year in prison . . . will ordinarily preclude a defendant from satisfying the fourth prong of plain-error review," which requires a showing "that the district court's error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  2020 WL 6268027 at *3, 5.  The court in *Johnson* looked to the holding of *United States v. Cotton*, 535 U.S. 625 (2002), where the Supreme Court held that the failure in the indictment to allege drug quantity leading to

7

United States District Court
Northern District of California

1  enhanced penalties amounted to error under *Apprendi v. New Jersey*, 530 U.S. 466

2  (2000), but that the error did not seriously affect the fairness, integrity, or public

3  reputation of judicial proceedings in light of the "overwhelming and uncontroverted"

4  evidence of the drug quantities involved in the drug trafficking conspiracy.  2020 WL

5  6268027 at *4 (citing *Cotton*, 535 U.S. at 632–34).  In light of *Cotton* and other Supreme

6  Court authority, the court in *Johnson* reasoned that the fourth prong of plain-error review

7  "is designed, in part, to weed out cases in which correction of an unpreserved error would

8  ultimately have no effect on the judgment."  *Johnson*, 2020 WL 6268027 at *5.  *See*

9  *Cotton*, 535 U.S. at 633 ("Surely the grand jury, having found that the conspiracy existed,

10  would have also found that the conspiracy involved at least 50 grams of cocaine base.").

11  Applying the reasoning of *Cotton* and *Johnson* here, the Rule 11 error in failing to

12  question Session whether he knew of his status as a convicted felon when he pleaded

13  guilty to the § 922(g) violation did not have a "substantial and injurious effect or influence"

14  on the outcome of this case in light of the uncontroverted evidence that Session was

15  convicted of two federal felonies and sentenced to more than a year in prison by this

16  court.

17      The government also demonstrates that if the government had been required to

18  prove the element required under *Rehaif* that Session knew his prohibited status as a

19  felon, the government would have proved defendant's knowledge by submitting (1) his

20  signed plea agreement in CR 15-290, (2) his prior admissions at the change of plea and

21  sentencing hearings, and (3) the judgment imposing a sentence of 18 months'

22  imprisonment.  Opp. at 9.  At the change of plea hearing in this case, the government

23  proffered evidence that if the § 922(g) prosecution had gone to trial, the government

24  would have proved that prior to December 31, 2016, Session had been convicted of the

25  federal offenses in case number CR 15-290, as well as a prior state felony conviction for

26  possession of marijuana for sale in violation of California Health & Safety Code Section

27  11360 in Alameda Superior Court on or about October 28th, 2011.  Opp., Ex. C (June 28,

28  2017 plea transcript) at 16–17.  In light of this overwhelming evidence in the record, it is

8

1   not reasonably probable that Session would have chosen to go to trial rather than

2   entering the guilty plea and admitting knowledge of his prohibited status, but for the

3   failure to question him about his knowledge of his prohibited status during the plea

4   colloquy.  Accordingly, the *Rehaif* error in failing to question Session about each element

5   of the offense did not have a "substantial and injurious effect or influence" on the

6   outcome.

7           Other than arguing that an involuntary guilty plea must be vacated under

8   fundamental principles of due process, Session fails to demonstrate a reasonable

9   probability that he would have taken a chance at trial and would not have pleaded guilty if

10  he knew that the government was required to prove that he "knew he belonged to the

11  relevant category of persons barred from possessing a firearm" under *Rehaif*, 139 S.Ct.

12  at 2200.  In light of this record, and the court's familiarity with the plea colloquy and

13  underlying proceedings, Session fails to demonstrate actual prejudice from the omission

14  of the *Rehaif* element of the § 922(g) offense from his plea colloquy.  Accordingly, this

15  claim is DENIED.

16  **B.      Indictment Failed to Allege Element of the Offense**

17          Session also asserts a *Rehaif* claim alleging a violation of the Fifth Amendment

18  right to "be convicted only on charges considered and found by a grand jury."  *United*

19  *States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999) (citing *Costello v. United States*,

20  350 U.S. 359, 362 (1956)).  As Session points out in the reply, the government fails to

21  address specifically the *Rehaif* claim on the ground that the indictment was defective.  It

22  is undisputed that the indictment failed to allege knowledge of prohibited status as an

23  element of the offense under § 922(g), but in light of the overwhelming and

24  uncontroverted evidence that Session had two federal felony convictions for which he

25  was sentenced to more than one year in prison on concurrent sentences, as well as the

26  fact that he was serving a term of supervised release on those felony convictions when

27  he committed the § 922(g) offense, this defect in the indictment amounts to harmless

28

United States District Court
Northern District of California

error for the reasons set forth above with respect to the claim of Rule 11 error under *Rehaif*.   *See Johnson*, 2020 WL 6268027 at *5.  This claim is therefore DENIED.

## CONCLUSION

For the foregoing reasons, the motion of defendant Major Alexander Session, III, to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 is DENIED. This is a final order disposing of the § 2255 motion on the merits of the claims for sentence relief.

## DENIAL OF CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(1), an appeal from a final order in a proceeding under § 2255 may not be taken unless a circuit justice or judge issues a certificate of appealability ("COA").  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996).  Pursuant to Rule 11(a) Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability because reasonable jurists would not find debatable whether the § 2255 motion conclusively shows that defendant is not entitled to relief.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: October 30, 2020

_/s/ *Phyllis J. Hamilton*_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California

10